944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth L. MILLER, Plaintiff-Appellant,
v.
The SOUTHLAND CORPORATION, Defendant-Appellee.
 No. 90-35343.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 10, 1991.
Decided Sept. 17, 1991.
 
 Before EUGENE A. WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Southland Corporation fired Miller, a supervisor, after ten years' employment. Miller sued, claiming in part that he had not been terminable at will, although he had no written contract of employment. The district court granted summary judgment for Southland, finding no triable issue as to this argument.
 
 
 3
 We review de novo. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). This court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 The main issue is whether the district court erred in granting summary judgment against Miller for failure to raise a triable issue about Washington's handbook exception to employment at will. We hold that it did not err.
 
 
 5
 Absent a written employment contract, Washington courts will impose a for-cause requirement only if the handbook does so. See Siekawitch v. Washington Beef Producers, Inc., 58 Wash.App. 454, 793 P.2d 994, 999 (1990). The handbook exception applies when "an employer ... creates an atmosphere of job security and fair treatment with promises of specific treatment in specific situations and an employee is induced thereby to remain on the job and not actively seek other employment." Thompson v. St. Regis Paper Co., 102 Wash.2d 219, 685 P.2d 1081, 1088 (1984). Such promises become "enforceable components of the employment relationship." Id. Finding Miller had failed to raise a triable issue about the requirement of specific promises, the district court did not reach the exception's other requirements.
 
 
 6
 The parties strongly disagree about whether the specificity element of the handbook exception should be treated as a question of fact or law. We need not reach this issue because Miller has failed to establish evidence of promises of specific treatment in specific situations. The documents upon which Miller relied contain no "just cause" language or other statements that reasonably could be interpreted as promises of termination only for just cause. The district court correctly found that Miller failed to raise any genuine issue of material fact.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3